UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81069-MARRA/MATTHEWMAN

JAMES DONAHUE,

        Plaintiff,

v.

HMVP, INC. and GEORGE CESAR,

        Defendants.
_____/

### PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES

Plaintiff, JAMES DONAHUE, ("Plaintiff"), pursuant to 42 U.S.C. §12205, hereby respectfully submits this Motion for an award of fees ("Motion") incurred in bringing this action and obtaining a judgment for injunctive relief under Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et seq. against the defendant, HMVP, Inc. ("Defendant"). In support of this Motion, Plaintiff states:

1. Plaintiff submits this motion pursuant to Southern District of Florida Local Rules 7.3(a), and in accordance with the Final Judgment and Permanent Injunction, dated November 6, 2014, [D.E. 9] which stated that the Court reserves jurisdiction to award attorneys' fees and costs.

2. Plaintiff is entitled to his attorneys' fees and costs in this action pursuant to 42 U.S.C. §12205, which provides for prevailing plaintiff attorney's fees under Title III of the Americans With Disabilities Act.

3. The time Plaintiff's counsel expended on this matter was reasonable given the amount of work performed in the case and the results secured. Plaintiff's counsel, inter alia, visited the subject property after Plaintiff complained of barriers there, met with plaintiff regarding the mobility related barriers encountered at the property, prepared the complaint specifying the ADA standards violated, sought the entry of a default, and the Court entered a default judgment. Plaintiff's counsel also spent time and effort attempting to resolve the matter early on without court intervention.

4. The rates charged by Plaintiff's attorneys in this case are fair and reasonable in the context of the market rates charged for comparable services pursuant to the method of analysis articulated in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1998), which is the leading case on the determination of the reasonableness of attorneys' fees in the Eleventh Circuit. See, e.g., *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575 (11th Cir. 1990). Additionally, the fees are reasonable in the context of the factors enumerated in Florida Bar Rule 4-1.5 where appropriate, including:

   a. The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill required to perform the legal services properly;

   b. The likelihood that the acceptance of the particular employment would preclude other employment by the lawyers;

   c. The fee customarily charged in the locale for similar legal services;

   d. The amount involved and the results obtained;

   e. The time limitations imposed by the clients or by the circumstances;

   f. The nature and length of the professional relationship with the client;

      g.      The experience, reputation, and ability of the lawyers performing the services; and

      h.      Whether the fee is fixed or contingent.

5.      The Affidavit of Lee D. Sarkin in support of an award of attorney's fees is attached hereto as Exhibit "A".

6.      The itemized invoice from Plaintiff's counsel, attached hereto as Exhibit "B" describes in detail the number of hours counsel has expended on this case, the bases for those hours and the hourly rate charged.

7.      Although more than one attorney worked on this action, the Plaintiff, however, seeks only to recover fees for the work performed by Mr. Sarkin. Mr. Sarkin has been licensed to practice law in Florida since 1992 and in Illinois since 2000. He is authorized to practice in the United States District Court For The Southern District of Florida, in the United States Court of Appeals for the Eleventh Circuit and in the United States District Court For The Northern District of Illinois. He has been a member of the trial bar of the United States District Court For The Northern District of Illinois since 2003. He has been counsel for either a plaintiff or a defendant in the United States District Court For The Southern District of Florida in approximately 210 cases arising under Title III of the Americans With Disabilities Act.

8.      The Plaintiff is also seeking an award of his costs pursuant to U.S. Southern District of Florida Local Rule 7.3(c) and pursuant to 42 U.S.C §1225, as described in the Plaintiff's Motion and Incorporated Memorandum in Support of his Bill of Costs [D.E. 11].

9.      In light of the foregoing, Plaintiff seeks a judgment in the amount of $11,090.00 representing the total attorneys' fees and costs he has incurred in this action. This amount covers the work performed from start to the present date on the case.

10. Plaintiff does not request a hearing on this Motion unless the Court believes a hearing would assist it in determining the Motion.

11. In accordance with Local Rule 7.3(b) a draft motion compliant with Local Rule 7.3 (a)(1)-(8) was served on counsel for defendant HMVP, Inc.

12. Counsel for defendant failed to describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and did not provide supporting legal authority. Counsel for defendant did not object to anything contained in the draft motion.

Wherefore, based on the foregoing, Plaintiff respectfully requests that his Motion be granted.

> s/Lee D. Sarkin
> DREW M. LEVITT, ESQ.
> Florida Bar No: 782246
> E-mail: dml2@bellsouth.net
> LEE D. SARKIN, ESQ.
> Florida Bar No. 962848
> E-mail: lsarkin@aol.com
> 4700 N.W. Boca Raton Boulevard
> Suite 302
> Boca Raton, Florida 33431
> Telephone (561) 994-6922
> Facsimile  (561) 994-0837
> Attorneys For Plaintiff

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rules 7.1 .A.3, 7.3(a) and 7.3(b), Counsel for Plaintiff hereby certifies that a draft of the instant motion was served on Defendant's counsel and Counsel for defendant did not object to anything contained in the draft motion.

## VERIFICATION

I, Lee D. Sarkin, Esq., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and this declaration was executed in Palm Beach County, Florida on January 5, 2015.

s/Lee D. Sarkin
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: dml2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys For Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

                                        s/Lee D. Sarkin
                                        DREW M. LEVITT, ESQ.
                                        Florida Bar No: 782246
                                        E-mail: dml2@bellsouth.net
                                        LEE D. SARKIN, ESQ.
                                        Florida Bar No. 962848
                                        E-mail: lsarkin@aol.com
                                        4700 N.W. Boca Raton Boulevard
                                        Suite 302
                                        Boca Raton, Florida 33431
                                        Telephone (561) 994-6922
                                        Facsimile   (561) 994-0837
                                        Attorneys for Plaintiff

## SERVICE LIST

Andrew Strecker, Esq.
andrew@561attorney.com
jennifer@561attorney.com
428 South Congress Avenue
West Palm Beach, Florida 33406
Via CM/ECF